KOLLER LAW, LLC
By: David M. Koller
Attorney ID No.: 90119
2043 Locust Street, Suite 1B                    *Attorney for Plaintiff Linda King*
Philadelphia, PA 19103
(T) 215-545-8917
(F) 215-575-0826

## UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LINDA KING**<br>2531 Hawthorne Circle<br>Emmaus, PA 18049<br>    Plaintiff,<br>v.<br><br>**PPL CORPORATION**<br>2 North 9th Street<br>Allentown, PA 18101<br>    Defendant. | CIVIL ACTION NO: |

## COMPLAINT

Plaintiff Linda King (hereinafter "Plaintiff"), by and through her attorneys, Koller Law, LLC, alleges as follows:

## PARTIES

1. The Plaintiff, Linda King, is an adult female who resides at 2531 Hawthorne Circle, Emmaus, PA 18049 (hereinafter referred to as "Plaintiff").

2. The Defendant, PPL Corporation, upon information and belief, is a Pennsylvania corporation that has a principal place of business at 2 North 9th Street, Allentown, PA 18101.

## JURISDICTION AND VENUE

3. Jurisdiction of the Federal Court is invoked pursuant to the Court's federal question jurisdiction, 28 U.S.C. § 1331. This action is brought and jurisdiction lies pursuant to Title VII

of the Civil Rights Act of 1964; 42 U.S.C. § 2000e, et seq. as amended ("Title VII") and the Pennsylvania Human Relations Act.

4. The Court may maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and F.R.C.P. 18(a) because they are sufficiently related to one or more claims within the Court's original jurisdiction and that they form part of the same case or controversy. These state claims arise under the Pennsylvania Human Relations Act, 43 P.S. § 951 et seq. ("PHRA").

5. Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Defendant is located and conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district. Specifically, Plaintiff was employed in the Eastern District of Pennsylvania at the time of the illegal actions as set forth herein.

## PROCEDURAL AND ADMINISTRATIVE REMEDIES

6. The allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

7. Plaintiff exhausted her administrative remedies under Title VII. Butterbaugh v. Chertoff, 479 F. Supp. 2d 485 (W.D. Pa. 2007).

8. On or about March 28, 2014, Plaintiff filed a timely written Charge of Discrimination ("Charge") with the Equal Employment Opportunity Commission ("EEOC") alleging sex discrimination and retaliation in violation of Title VII and the PHRA. A copy of this Charge is attached hereto as Exhibit "A".

9. The Charge was assigned a Charge Number and was duly filed with the Pennsylvania Human Relations Commission ("PHRC").

10. Upon request, Plaintiff received the Notice of Right to Sue ("Right to Sue") from the EEOC dated December 11, 2015 because more than one hundred and eighty (180) days had passed from the date of the filing of the EEOC Charge. A copy of Plaintiff's Right to Sue is attached hereto as Exhibit "B".

11. The instant action is timely because it has been initiated within ninety (90) days of the receipt of the aforementioned notice.

12. Plaintiff has exhausted her federal and state administrative remedies as to the allegations of this Complaint.

**MATERIAL FACTS**

13. The allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

**PLAINTIFF'S EMPLOYMENT BACKGROUND INCLUDED VARIOUS POSITIONS**

14. Defendant hired Plaintiff on October 29, 2000 in the position of Senior Tax Analyst (Level 18) in the Finance Group.

15. In or around December 2000, Defendant promoted Plaintiff to the position of Senior Tax Analyst (Level 17).

16. In or around March 2005, Defendant promoted Plaintiff to the position of Team Leader – Taxes (Level 15).

17. In or around March 2011, Defendant promoted Plaintiff to the position Manager, Business Support – Peaking Power (Level 16).

18. In the position of Manager, Business Support, Plaintiff's immediate supervisor was Paul Hackenbrack, Manager – Peaking Power.

## MR. HACKENBRACK SUBMITTED REQUESTS FOR PROMOTIONS FOR THREE MALE COMPARATORS BUT NOT PLAINTIFF

19. In or around December 2011, Mr. Hackenbrack submitted promotion requests for Al Sutter (male), Dale Miller (male) and Gary Hausman (male).

20. Mr. Hackenbrack stated that he could not provide Plaintiff with a promotion.

21. The reason he stated that he could not provide Plaintiff with a promotion was because her responsibilities had not changed.

22. Upon information and belief, the job responsibilities also did not change for Mr. Sutter, Mr. Miller or Mr. Hausman.

## THREE MALE COMPARATORS WERE PROMOTED AND PLAINTIFF WAS NOT

23. All three male employees received promotions effective early 2012.

24. Mr. Hackenbrack told Plaintiff that he suggested that Plaintiff receive a Project Management Professional ("PMP") certification to justify a promotion.

25. Immediately, Plaintiff registered for Villanova University's PMP course and completed the certification by June of 2012.

26. In January of 2012, Plaintiff received a favorable performance review for the year 2011.

27. In March of 2012, Plaintiff applied for a comparable position (i.e. similar job duties and responsibilities) in Human Resources that was a Level 15.

28. In or around June 2012, after Plaintiff received her PMP certification, Plaintiff applied for a Level 14 position in PPL Electric Utilities.

29. Plaintiff received an interview for the PPL Electric Utilities position, but Defendant then informed Plaintiff that it was eliminating the position due to budgetary reasons.

30. Plaintiff again inquired with Mr. Hackenbrack about a promotion in December of 2012.

4

31. Again, Mr. Hackenbrack told Plaintiff that Defendant would not promote her because her position duties had not changed.

32. At or around this time in December of 2012, Defendant promoted Don Capecci, Compliance Manager, from a Level 17 to a Level 16.

33. Upon information and belief, Mr. Capecci's position duties had not changed to necessitate a promotion.

**DEFENDANT ISSUED PLAINTIFF LOWER PERFORMANCE REVIEW FOR 2012**

34. In January of 2013, Defendant issued Plaintiff a performance review for the 2012 year.

35. Plaintiff received a 2-1 rating, with one being the lowest score.

36. The prior year Plaintiff received a three rating, the highest score.

37. Plaintiff questioned her review to Mr. Hackenbrack.

38. The reason Plaintiff questioned her review was because there was no reference to work she did when Mr. Hackenbrack was out of the office on medical leave in July of that year.

39. Plaintiff also questioned the review because it did not mention that she achieved Defendant's financial target goals within 0.1% of target.

40. Mr. Hackenbrack responded that to achieve a better review in the future, Plaintiff should drop the issue of a promotion because she was not going to receive one.

41. Meanwhile, males around her were being promoted and she was not, despite being fully qualified.

**PLAINTIFF COMPLAINED OF DISPARATE TREATMENT BASED ON GENDER**

42. In the Employee Final Comment Section of her 2012 Performance Review, Plaintiff complained about working conditions for women at Defendant's facilities.

5

43. Specifically, Plaintiff wrote that she "struggle[d] with finding a working (ladies) bathroom where [she] worked (at the plant).

44. Plaintiff was referring to issues she faced at the women's restroom facilities located at Defendant's Holtwood and Lower Mount Bethel locations.

45. Specifically, Plaintiff visited the Holtwood plant twice, months apart, and on both occasions, the women's bathroom was not working, and because that facility is a remote facility, there was nowhere else to use a restroom.

46. On one visit to the Holtwood plant, Plaintiff found that the only way to flush the toilet in the women's bathroom was to fill a bucket of water from the shower next door and pour it into the toilet.

47. It also took Defendant nearly five months to address the issue that lockers for males were located in the women's bathroom at its Lower Mount Bethel plant.

48. Plaintiff also complained that at the age of 43, she was repeatedly called and referred to as "a girl" by co-workers.

49. Plaintiff also complained about the stunning lack of gender diversity at Defendant, specifically stating as follows:

> The lack of diversity within Generation is not an opinion, it is a fact. The lack of female managers (level 15 or higher) in Generation is not an opinion, it is a fact. The lack of females outside of administrative roles in Generation is not an opinion, it is a fact. And though my struggles can be labeled as personal and unique to only myself, one only has to look at the results of last year's diversity goals of Peaking and Generation and answer how much is opinion and how much is fact.

### DEFENDANT TERMINATED PLAINTIFF ON OCTOBER 10, 2013

50. After seventeen years of service, Defendant terminated Plaintiff on or about October 10, 2013.

51. Defendant's stated reason for termination was that it no longer required Plaintiff's position.

### ONE MONTH AFTER TERMINATING PLAINTIFF, DEFENDANT HIRED A <u>MALE</u> FOR A POSITION SIMILAR TO THE ONE PLAINTIFF HELD.

52. On or about November 12, 2013, Defendant posted a position for Manager, Business & Compliance, Peaking.

53. The responsibilities of this position mirrored Plaintiff's position she held at the time she was terminated, with the exception of the regulatory compliance matters.

54. This position was posted as a Level 14, two levels higher than Plaintiff's position at the time of termination.

55. Upon information and belief, Defendant interviewed three males for the Manager position.

56. Defendant awarded Mr. Capecci the position effective March 3, 2014.

57. Mr. Capecci has a history degree, which is not relevant to the position, whereas Plaintiff possesses a degree in accounting.

58. Mr. Capecci also does not possess the PMP certification that Plaintiff possesses.

59. Plaintiff was qualified for the position.

### DEFENDANT LACKED GENDER DIVERSITY

60. There was a lack of diversity and lack of advancement for women with Defendant.

61. Upon information and belief, as of June 2011, Plaintiff's division, Peaking Power, had approximately 151 males and 14 females.

62. Upon further information and belief, as of June 2012, Plaintiff's division, Peaking Power, had approximately 166 males and 14 females.

63. From 2011 to 2012, there were eleven new hires in Plaintiff's position, all of which were male.

64. There were 23 promotions and transfers, all of which were male.

7

65. Based upon the foregoing, Plaintiff believes that Defendant discriminated against her and terminated her because of her sex (female) in violation of Title VII of the Civil Rights Act of 1964 and in retaliation for her complaining about gender discrimination in the workplace.

### COUNT I – GENDER DISCRIMINATION
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED
### 42 U.S.C. § 2000e *et seq.*

66. The allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

67. Plaintiff is a member of protected classes in that she is female.

68. Plaintiff was qualified to perform her jobs.

69. Similarly situated persons outside of Plaintiff's protected classes were treated more favorably than Plaintiff.

70. Circumstances exist related to the above cited differences in pay that give rise to an inference of discrimination.

71. No legitimate, non-discriminatory reasons exist for the above cited differences in pay that Plaintiff suffered.

72. The reasons cited by Defendant for the above differences in pay that Plaintiff suffered are pretext for discrimination.

WHEREFORE, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

### COUNT II – GENDER DISCRIMINATION
### PENNSYLVANIA HUMAN RELATIONS COMMISSION
### 43 P.S. § 951 *et seq.*

73. The allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

74. Plaintiff is a member of protected classes in that she is female.

75. Plaintiff was qualified to perform her jobs.

76. Similarly situated persons outside of Plaintiff's protected classes were treated more favorably than Plaintiff.

77. Circumstances exist related to the above cited differences in pay that give rise to an inference of discrimination.

78. No legitimate, non-discriminatory reasons exist for the above cited differences in pay that Plaintiff suffered.

79. The reasons cited by Defendant for the above differences in pay that Plaintiff suffered are pretext for discrimination.

  WHEREFORE, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT III
## RETALIATION
## TITLE VII
## 42 U.S.C. § 2000e *et seq.*

80. The allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

81. Plaintiff engaged in protected activity.

82. Plaintiff suffered an adverse employment action.

83. After engaging in protected activity, Defendant terminated Plaintiff.

84. The adverse employment action is casually related to the protected activity.

85. Defendant retaliated against Plaintiff.

  WHEREFORE, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT IV
## RETALIATION
## PHRA
## 43 P.S. § 951 *et seq.*

86. The allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

87. Plaintiff engaged in protected activity.

88. Plaintiff suffered an adverse employment action.

89. After engaging in protected activity, Defendant terminated Plaintiff.

90. The adverse employment action is casually related to the protected activity.

91. Defendant retaliated against Plaintiff.

WHEREFORE, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff requests that the Court grant her the following relief against Defendant:

- (a) Damages for past and future monetary losses as a result of Defendant's unlawful discrimination;
- (b) Compensatory damages;
- (c) Punitive damages;
- (d) Liquidated damages;
- (e) Emotional pain and suffering;
- (f) Reasonable attorneys' fees;
- (g) Recoverable costs;
- (h) Pre and post judgment interest;

10

(i) An allowance to compensate for negative tax consequences;

(j) A permanent injunction enjoining the Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with them, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of Title VII and the PHRA.

(k) Order the Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(l) Order the Defendant to make Plaintiff whole by providing appropriate back-pay with prejudgment interest, in amounts to be proven at trial, to the extent possible for Plaintiff, reinstatement to her position having compensation, responsibility, and duties, commensurate with her education, experience, and skills, and appropriate damages awarded;

(m) Order the Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for her adverse actions, disciplines, and termination; and

(n) Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

                              **RESPECTFULLY SUBMITTED,**

                              **KOLLER LAW, LLC**

Dated: March 10, 2016        By: _/s/ David M. Koller_

                              David M. Koller, Esquire
                              2043 Locust Street, Suite 1B
                              Philadelphia, PA 19103
                              (T) 215-545-8917
                              (F) 215-575-0826
                              _Counsel for Plaintiff_

# EXHIBIT A

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [ ] FEPA [X] EEOC | |

Pennsylvania Human Relations Commission and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Linda King | 610-390-1346 | 5/5/1969 |

| Street Address | City, State and ZIP Code |
|---|---|
| 2531 Hawthorne Circle | Emmaus, PA 18049 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| PPL Corporation | | (610) 774-5151 |

| Street Address | City, State and ZIP Code |
|---|---|
| 2 N. 9th Street | Allentown, PA 18101 |

DISCRIMINATION BASED ON (Check appropriate box(es).)
[ ] RACE  [ ] COLOR  [X] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN
[X] RETALIATION  [ ] AGE  [ ] DISABILITY  [ ] OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest — Latest: 10/16/2013
[ ] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I. I was hired by the above-named Respondent on or about October 29, 2000 as a Senior Tax Analyst (Level 18). I am female. My department, Peaking Power, had approximately 160 males and only 14 females. The company as a whole lacked diversity in gender. I complained to Respondent about the lack of diversity and the lack of advancement for women. On or about October 13, 2013, I was terminated.

II. The reason given for my termination was that the company no longer needed my position. However, on November 12, 2013, the Company posted my position on its job board. Three people were interviewed for the position (all men) and a male was ultimately hired in the position on March 3, 2014.

III. I believe that I have been discriminated against because of my sex (female) in violation of Title VII of the Civil Rights Act of 1964, as amended, in that Respondent terminated me and replaced me with someone who is male.

IV. I believe that I have been retaliated against in violation of Title VII of the Civil Rights Act of 1964, as amended, in that Respondent terminated me after I made complaints of sex discrimination.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

3/28/14 — Date — Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)

# EXHIBIT B

EEOC Form 161-B (11/09)      **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: Linda King
2531 Hawthorne Circle
Emmaus, PA 18049

From: Philadelphia District Office
801 Market Street
Suite 1300
Philadelphia, PA 19107

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2014-02171 | Legal Unit, Legal Technician | (215) 440-2828 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_____      12/11/15
Spencer H. Lewis, Jr.,               (Date Mailed)
District Director

Enclosures(s)

cc: PPL CORPORATION
David M. Koller (for Charging Party)
Alfred J. Johnston (for Respondent)